# EXHIBIT A



Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT KANSAS CITY, MISSOURI**

| | | |
|---|---|---|
| TREVOR BASTON | ) | |
|        Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ST. LUKES PHYSICIAN GROUP, INC. | ) | |
| CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| | ) | Case No. |
|        AND | ) | |
| | ) | |
| SAINT LUKE'S HEALTH SYSTEM, INC. | ) | |
| CSC-LAWYERS INCORPORATING | ) | |
| SERVICE COMPANY | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | REQUEST FOR JURY TRIAL |
| | ) | |
| | ) | |
|        Defendant. | ) | |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Trevor Baston (hereinafter "Plaintiff") by and through his undersigned counsel and for his Petition for Damages against Defendant St. Luke's Physician Group, Inc. (hereinafter "Defendant St. Luke's Physician Group") and Defendant Saint Luke's Health System, Inc. (hereinafter "Defendant Saint Luke's Health System") (hereinafter, collectively, "Defendants"), alleges and states as follows:

**Table of Claims**

| CLAIM | CASE TYPE | PAGE NO. |
|---|---|---|
| I.  Race Discrimination, MHRA | TJ | 12 |
| II. Color Discrimination, MHRA | TJ | 13 |

| III. Retaliation, MHRA | TJ | 14 |
| IV. Sex Discrimination, MHRA | TJ | 16 |
| V. Race Discrimination, Title VII | TJ | 17 |
| VI. Color Discrimination, Title VII | TJ | 19 |
| VII. Retaliation, Title VII | TJ | 20 |
| VIII. Sex Discrimination, Title VII | TJ | 21 |

**Parties**

1.      Plaintiff is a citizen of the United States, residing in Kansas City, Jackson County Missouri.

2.      Defendant St. Luke's Physician Group is, and at all times pertinent to this Petition was, a domestic nonprofit corporation incorporated in Missouri.

3.      Defendant Saint Luke's Health System, Inc. is, and at all times pertinent to this Petition was, a foreign nonprofit corporation with a home state of Kansas and which operated under the laws of, and was registered with, the State of Missouri.

**Jurisdiction and Venue**

4.      This is a discrimination and retaliation lawsuit based upon and arising under the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* ("MHRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

5.      This Court has jurisdiction and venue over all factual and legal matters relevant to this cause of action.

6.      The unlawful acts and practices set forth below were committed within Jackson County, Missouri.

7.      Plaintiff was an employee of Defendant St. Luke's Physician Group and Defendant Saint Luke's Health System, Inc. within the meaning of MHRA and Title VII.

8.      Defendant St. Luke's Physician Group is an "employer" within the meaning of the MHRA and Title VII.

9.      Defendant Saint Luke's Health System, Inc. is an "employer" within the meaning of the MHRA and Title VII.

10.     At all relevant times, Defendant St. Luke's Physician Group has maintained and operated a place of business in various cities within the State of Missouri.

11.     At all relevant times, Defendant Saint Luke's Health System, Inc. has maintained and operated a place of business in Kansas City, Jackson County, Missouri.

12.     At all relevant times, the location where the high-level officers of Defendant Saint Luke's Health System, Inc. direct, control, and coordinate its activities is located in Kansas City, Jackson County, Missouri.

13.     Jurisdiction and venue are proper in Jackson County, Missouri, pursuant to Mo. Rev. Stat. §§ 508.010 and 213.111(1), (2).

## Administrative Procedure and Procedural Posture

14.      On or about March 18, 2019, Plaintiff timely filed a Charge of Discrimination against Defendants with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") alleging race and color discrimination, sex discrimination and retaliation. (Attached hereto as Exhibit A and incorporated herein by reference as if fully set forth herein).

15.     On or about August 16, 2019, Plaintiff filed a second charge of discrimination with the EEOC and the MCHR alleging race and color discrimination, sex discrimination and retaliation. (Attached hereto as Exhibit B and incorporated herein by reference as if fully set forth herein).

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

16.     On or about, August 16, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue (Attached hereto as Exhibit C and incorporated herein by reference as if fully set forth herein).

17.      On or about September 16, 2019, the Missouri Commission on Human Rights ("MCHR") issued to Plaintiff a Notice of Right to Sue (Attached hereto as Exhibit D and incorporated herein by reference as if fully set forth herein).

18.     On or about September 11, 2019, the EEOC issued to Plaintiff a Notice of Right to Sue. (Attached hereto as Exhibit E and incorporated herein by reference as if fully set forth herein).

19.     The aforesaid Charges of Discrimination provided the EEOC and MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of the EEOC and MCHR investigation of Plaintiff' claims and the involved parties, which could reasonably be expected to have grown out of the Charge of Discrimination.

20.      Through the filing of Plaintiff' Charges of Discrimination, Defendants were afforded notice of Plaintiff's claims and the opportunity to participate in voluntary compliance.

21.      Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## General Allegations Common to All Counts

22.     Plaintiff is African American.

23.     Plaintiff is male.

24.     Plaintiff's skin color is darker than that of many African Americans.

25.     Plaintiff began employment with Defendants on or about May 29, 2017 as a medical assistant.

26.   Plaintiff did not have any issue with his employment until approximately August of 2017 when Lynsey Magner became his manager.

27.   After Magner became his manager, Plaintiff was been subjected to severe and pervasive harassment because of his race, color, and sex.

28.   While she was his supervisor, Magner consistently told Plaintiff to put his cell phone away, even when it was sitting on the desk and not being used by Plaintiff, but Magner would watch videos and look at Facebook picture on the phones of other employees who were Caucasian.

29.   Magner also told another African American employee, Tina, to put her cell phone away.

30.   Plaintiff asked Magner why she came to his desk and asked him to put his phone away but watched videos with other employees who were Caucasian.

31.   Magner just shook her head and walked away without answering his question.

32.   About a month after this, Magner gave Plaintiff a bad review which prevented him from getting a raise.

33.   Upon information and belief, Magner gave Plaintiff the bad review not because of his performance, but because of Plaintiff's race and because of his complaint of discrimination.

34.   Plaintiff made a complaint about this discriminatory action and his review was changed, but only after raises were already given out, so Plaintiff still did not receive a raise.

35.   In or around June of 2018, Magner gave Plaintiff a final written warning for accessing his own medical records.

36.   Plaintiff informed Magner that Plaintiff did not recall doing that and she told him that compliance said it happened.

37.     Plaintiff has seen two other employees, Christi and Jennifer, who are both Caucasian who are supervised by Magner, access their own medical records.

38.     Upon information and belief, neither Christi nor Jennifer were given a final written warning by Magner .

39.     When Plaintiff told Magner that Plaintiff had seen these other employees access their records before she told him that it was a random audit.

40.     Around August 2018, Plaintiff reported in a survey that he felt there were racial inequalities at the office and that he believed Defendants needed to have a diversity training.

41.     Plaintiff also told Magner before Plaintiff went out on shoulder surgery, around September of 2018, that Plaintiff felt there was some racial inequality and Plaintiff needed to discuss it with Magner when Plaintiff got back from surgery.

42.     When Plaintiff returned from surgery in December of 2018, Magner was no longer in his department and had been moved to another position.

43.     In January 2019, Plaintiff was also harassed by another employee, Jill Strauser, who repeatedly called Plaintiff "boy."

44.     Plaintiff explained to her that referring to a black man as "boy" is offensive and asked her to please call him by his name. Strauser responded "you don't know what you are talking about boy, be quiet boy."

45.     Strauser continuing to say this repeatedly after Plaintiff had asked her not to, made it clear to Plaintiff that Strauser was doing this on purpose to create a racially hostile environment.

46.     Plaintiff reported this to his manager, Carol Everett and Plaintiff said he did not appreciate being called "boy" and explained to her how this was offensive to an African American man.

47.     Everett said Plaintiff was looking at it incorrectly and that Strauser did not mean that.

48.     Plaintiff told Everett he felt like it was racially harassing but Everett said that there was nothing she could do about it.

49.     Defendants never took any actions to address the racial harassment to which Plaintiff was being subjected.

50.     Around February of 2018, there was bad weather, and several people did not come in to work because of this.

51.     Plaintiff's door locks were frozen shut and Everett sent an email to everyone at the office stating that Plaintiff was not coming in to work because of his door locks.

52.     Everett did not write the reason the Caucasian employees who called in to work were not coming in to work.

53.     When Plaintiff came in the next day, the Caucasian front desk employee, Cama Banawart, mocked him about this saying "I can't believe you could not get your doors unlocked, you are such a pansy."

54.     Plaintiff told her this was no appropriate to say, but she responded again "you are a pansy."

55.     Plaintiff reported to Everett that he felt like this was inappropriate.

56.     Everett said that Banawart said she did not make this comment and Defendants did nothing to address this hostile work environment.

57.     Plaintiff also witnessed Banawart call another African American employee a racially offensive term, "Aunt Jemima," and the employee reported this but Defendants did nothing to address the racially hostile work environment.

58.     In March of 2019, Tara Collins, a Caucasian nurse practitioner, repeatedly degraded Plaintiff, stating Plaintiff could not do his job and stated Plaintiff did not know what Plaintiff was talking about when he was training a new employee.

59.      The next day, Collins came up to Plaintiff while he was training a new employee on the computer, stuck a container of urine in his face and said, "take this downstairs."

60.     Collins had no gloves on and there was no protective covering on the urine which was against policy.

61.     Personal protective equipment, or PPE, was required when dealing with "labs" such as the urine sample Collins was attempting to hand to Plainitiff.

62.     Also, medical assistants do not deal with labs and do not have the proper training or certification to handle urine labs.

63.     During his employment, Plaintiff had never handled a lab.

64.     Plaintiff told Collins that only certified lab techs and phlebotomists were authorized to handle labs.

65.     Collins began yelling at Plaintiff and stated that Plaintiff did not know what he was talking about.

66.     Plaintiff reported this harassment to Everett but Defendants did nothing  to address it.

67.     About three days after this incident, Collins came to Plaintiff and said the picture in the chart of a patient was "creeping her out" and asked Plaintiff to stand in the room with her while she was with that patient.

68.     When Plaintiff met the patient, Plaintiff did not see anything "creepy" about him and Plaintiff was surprised by Collins description.

69.     The patient was an African American man about Plaintiff's height and weight and Plaintiff's interaction with the patient was completely normal.

70.     Plaintiff noticed that Collins finished interacting with the patient more quickly than any patient Plaintiff had ever seen her interact with.

71.     After the patient left Collins told Plaintiff "thank you for standing in the room with me" and said "sometimes I am afraid of big black men especially ones that look like the guy that killed my brother."

72.     Plaintiff asked Collins if she realized Plaintiff was a big black man.

73.     Plaintiff asked Collins if Plaintiff scared her because he was about the same height, weight and skin tone as the patient and Plaintiff asked her if that was the reason she had been degrading him.

74.     Collins did not answer Plaintiffs question, she shushed him and walked away.

75.     After this, Plaintiff went to Everett's office and told her what Collins had said to him and that Plaintiff was very offended by this.

76.     Everett asked Plaintiff "what do you want us to do about it?"

77.     Plaintiff told Everett that Plaintiff kept making complaints and nothing was happening, and that Everett was not getting back to him about these complaints.

78.     Plaintiff told Everett that he could not bear the racially hostile environment any longer, and that this was the last straw and Plaintiff felt like he had no choice but to file a complaint with the EEOC.

79.     Everett told Plaintiff to keep this quiet, not tell anyone what was going on, and to just talk to Collins about the situation.

80.     Plaintiff tried talking to Collins about this and she told him that we have jobs to do and she did not have time to speak to him.

81.     Plaintiff informed Everett that it did not work to talk to Collins and he moved forward with filing a charge of discrimination with the EEOC and MCHR on March 18, 2019.

82.     After Plaintiff filed the charge of discrimination, three employees showed him an email about his charge and asked him if it was real and what it was about.

83.     Plaintiff went to Everett and informed her that people were asking him about the charge of discrimination.

84.     Plaintiff reminded Everett that she had told him to be quiet about it and asked why people were asking him about his charge.

85.     Everett responded "they weren't supposed to show you that."

86.     After Plaintiff filed his charge of discrimination, Plaintiff noticed Everett began following him around at work.

87.     Once, Plaintiff went into a room and went right back out because he forgot something, and Plaintiff saw Everett standing right against the door.

88.     Plaintiff asked Everett if she was ok and she said, "I'm not following you around."

89.     Plaintiff responded, "I didn't ask if you were following me, I asked if you were ok."

90.     After he filed his charge of discrimination, Plaintiff also saw Everett hiding behind doors and peaking around to see what Plaintiff was doing in the room.

91.     Plaintiff did not see Everett do this to anyone else.

92.     Nurses also commented on Everett following Plaintiff and asked what was going on and why she was doing this.

93.     On July 19, 2019 Everett was following Plaintiff and at one point blocked the door and was trying to see around him.

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

94.    Plaintiff told her "excuse me" and said he needed to get a patient.

95.    After Everett went back to her office, Plaintiff knocked on her door and told her it felt like Everett was following him around the workplace.

96.    Everett shook her head and said "no" and Plaintiff went to get his patient.

97.    After that she did not follow Plaintiff around again that day.

98.    On July 23, 2019 Everett told Plaintiff she needed to observe him.

99.    Plaintiff had not seen Everett conduct an observation with other employees.

100.    Plaintiff noticed later that Everett put notes in his file that Plaintiff was not reviewing medications properly and this was dated July 19, 2019 which was the day Everett was following Plaintiff and he addressed it with her.

101.    Also, on the 19th of July, Plaintiff's phone was sitting on the desk and Plaintiff was not touching it.

102.    Everett came up to Plaintiff and told him to put it away.

103.    Plaintiff told her two other Caucasian employees had their phone out but Everett said she did not see them do this.

104.    Everett was trying to find a reason to discipline or terminate Plaintiff because of his race and because of his complaints of discrimination and charge of discrimination filed with the MCHR/EEOC.

105.    On July 26, 2019, Everett stood at Plaintiff's desk waiting for him to come in to see if Plaintiff was arriving late.

106.    Everett looked at her watch when Plaintiff came in, despite the fact that Plaintiff was not late.

107.    Everett continued to follow Plaintiff around, asking him what he was doing and when Plaintiff told her he was cleaning a room she asked, "why are you doing it so fast?"

108.    Plaintiff told her he always did to keep the clinic moving.

109.    Around the end of July 2019, Defendants held an unconscious bias training and at the end of the training, Everett's manager was present and stood up and said "what I want you all to do is just get over it and let the past be the past."

110.    Plaintiff understood this comment to be directed at him and another African American employee for making complaints of discrimination.

111.    This treatment caused Plaintiff to have to take medical leave because of the stress and anxiety it caused him.

112.    While Plaintiff was out on medical leave, he was informed that his position would not be held for him and someone else would be hired to the position.

**COUNT I**
**RSMo. § 213.010 *et seq.* DISCRIMINATION BASED ON RACE UNDER THE MHRA**

113.    Plaintiff re-alleges and incorporates the allegations contained in above-paragraphs as if fully set forth herein.

114.    Plaintiff was discriminated against by Defendants because he is African-American.

115.    Defendants continuously critiqued, humiliated and terminated Plaintiff because of his race.

116.    Plaintiff's race was a motivating factor in this discrimination.

117.    All actions or inactions of or by Defendants occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

118.    Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, RSMo. § 213.010 *et seq.*, as alleged herein.

119.    As a direct result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include garden variety emotional distress, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.

120.    The conduct of Defendants was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

121.    Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for actual, compensatory, and punitive damages, all costs, expenses, and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II
## RSMo. § 213.010 *et seq.* DISCRIMINATION BASED ON COLOR UNDER THE MHRA

122.    Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

123.    Plaintiff was discriminated against by Defendants because of the color of his skin.

124.    Defendants continuously critiqued and humiliated Plaintiff because of the color of his skin.

125.    The color of Plaintiff's skin was a motivating factor in his employment ending with Defendants.

126. All actions or inactions of or by Defendants occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

127. Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, RSMo. § 213.010 et seq., as alleged herein.

128. As a direct result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include garden variety emotional distress, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.

129. The conduct of Defendants was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

130. Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for actual, compensatory, and punitive damages, all costs, expenses, and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT III
## RSMo. § 213.010 *et seq.* RETALIATION UNDER THE MHRA

131. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

132. Plaintiff is a member of a protected class because of his race, African-American.

133. Plaintiff is a member of a protected class because of the color of his skin.

- 14 -

134.     Plaintiff complained of and opposed discriminatory treatment by reporting discriminatory treatment and remarks to his supervisors and informing Defendants of inappropriate and harassing conduct.

135.     Plaintiff complained of and opposed discriminatory treatment when he reported to Defendants the comments and treatment.

136.     Plaintiff opposed discrimination and participated in an investigation conducted pursuant to Chapter 213 of the Revised Statutes of Missouri when he filed a charge of discrimination with the MCHR.

137.     Defendants took adverse actions against Plaintiff as a result of his engaging in the aforementioned protected activity, including harassing and terminating Plaintiff.

138.     The aforementioned protected actions were the motivating factor in the adverse job actions again and termination of Plaintiff.

139.     All actions or inactions of or by Defendants occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

140.     Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, RSMo. § 213.010 *et seq.*, as alleged herein.

141.     As a direct result of the unlawful conduct of Defendants, as set forth herein, Plaintiff has suffered damages which include garden variety emotional distress, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.

142.     The conduct of Defendants was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

143.     Plaintiff is entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for actual, compensatory, and punitive damages, all costs, expenses, and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

**COUNT IV**
**RSMo. § 213.010 *et seq.* DISCRIMINATION BASED ON SEX UNDER THE MHRA**

144.     Plaintiff re-alleges and incorporates by reference the allegations contained in the above-paragraphs as if fully set forth herein.

145.     During Plaintiff's employment with Defendant, Plaintiff was subjected to different terms and conditions of employment based on his sex, male, by Defendant, including by his supervisors and co-workers.

146.     Upon information and belief, Plaintiff's sex was a motivating factor in his harassment and in the termination of his employment with Defendant.

147.     All actions or inactions of or by Defendant occurred by or through its owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

148.     Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA, RSMo. § 213.010 *et seq.*, as alleged herein.

149.     As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include garden variety emotional distress, past and

future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other non-pecuniary losses.

150.    The conduct of Defendant was outrageous and evidenced an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

151.    Plaintiff is also entitled to recover all her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, for actual, compensatory, and punitive damages, all costs, expenses, and attorneys' fees incurred herein, for reinstatement and appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

<u>**COUNT V**</u>
<u>**42 U.S.C. § 2000e** *et seq*. **DISPARATE TREATMENT AND HARASSMENT BASED ON RACE IN VIOLATION OF TITLE VII**</u>

152.    Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

153.    During Plaintiff's employment with Defendants, Plaintiff was subjected to different terms and conditions of employment and an ongoing practice and/or pattern of discrimination/disparate treatment and harassment based on his race, African-American, by Defendants.

154.    Plaintiff was subjected to different work requirements than other similarly situated Caucasian employees in regard to the terms and conditions of his employment.

155.    Plaintiffs race, African-American, was a motivating factor in Defendants' decision to suspend Plaintiff's employment.

156.    Plaintiffs race, African-American, was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

157.    Defendants' actions and/or omissions constitute a pattern or practice of discriminatory and retaliatory behavior.

158.    All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

159.    Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

160.     As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other nonpecuniary losses.

161.    The conduct of Defendants was outrageous and evidences an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

**COUNT VI**
**42 U.S.C.A. § 2000e** *et seq.* **DISPARATE TREATMENT AND HARASSMENT BASED ON COLOR IN VIOLATION OF TITLE VII**

162.    Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

163.    During Plaintiff's employment with Defendants, Plaintiff was subjected to different terms and conditions of employment and an ongoing practice and/or pattern of discrimination/disparate treatment and harassment based on his color, dark skinned, by Defendants.

164.    Plaintiff was subjected to different work requirements than other similarly situated light skinned employees in regard to the terms and conditions of his employment.

165.    Plaintiff's color was a motivating factor in Defendants' decision to suspend Plaintiff's employment.

166.    Plaintiff's color was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

167.    Defendants' actions and/or omissions constitute a pattern or practice of discriminatory and retaliatory behavior.

168.    All actions or inactions of or by Defendants occurred by or through their agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

169.    Defendants' actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII, as alleged herein.

170.    As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering,

past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other nonpecuniary losses.

171.    The conduct of Defendants was outrageous and evidences an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

<u>COUNT VII</u>
<u>42 U.S.C. § 2000e *et seq*. RETALIATION IN VIOLATION OF TITLE VII</u>

172.    Plaintiff hereby re-alleges and incorporate by reference the allegations contained in the above-stated paragraphs as if fully set forth herein.

173.    Plaintiff is a member of a protected class because of his race, African-American.

174.    Plaintiff is a member of a protected class because of his color, dark skinned.

175.    Plaintiff engaged in protected activity under Title VII by reporting discriminatory treatment and remarks to his supervisors and human resources, informing Defendant of inappropriate and harassing conduct.

176.    Defendants took adverse actions against Plaintiff as a result of his engaging in the aforementioned protected activity, including harassing and terminating Plaintiff.

177.    Defendants' actions constitute unlawful employment discrimination against Plaintiff and is violation of Title VII as alleged herein.

178.    As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation and humiliation, increased anxiety, increased difficulty sleeping, loss of enjoyment of life, and other non-pecuniary losses.

179.    By failing to take prompt and effective remedial action, Defendants, in effect condoned, ratified and/or authorized the discrimination against Plaintiff.

180.    As shown by the foregoing, Defendants' conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of the Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendants or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT VIII
## DISPARATE TREATMENT BASED ON SEX IN VIOLATION OF TITLE VII

181.    Plaintiff re-alleges and incorporates the allegations contained in above-paragraphs as if fully set forth herein.

182.    Upon information and belief, Plaintiff's sex was a motivating factor in his harassment and in the termination of his employment with Defendant.

183.    All actions or inactions of or by Defendant occurred by or through their owners, agents, servants, or employees acting within the course and scope of their employment, as set forth herein.

184.    Defendant's actions constitute unlawful employment discrimination against Plaintiff in violation of Title VII as alleged herein.

185.    As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep and other non-pecuniary losses.

186.    The conduct of Defendant was outrageous and evidence an evil motive or reckless indifference for the rights of Plaintiff and the rights of others, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendants for economic damages, including, but not limited to: back pay, lost benefits, and front pay, injunctive relief, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## Demand for Jury Trial and Designation of Place of Trial

Plaintiff requests a trial by jury, in Kansas City, Missouri, on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

EDELMAN, LIESEN & MYERS, L.L.P.

/s/ *Alexander Edelman*
Alexander Edelman  MO #64830
Sarah C. Liesen        MO #65331
sliesen@elmlawkc.com
208 W. Linwood Blvd.
Kansas City, Missouri 64111
Telephone: (816) 301-4056
Facsimile:  (816) 463-8449

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 563-2019-01288 |

| Missouri Commission On Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Mr. Trevor R Baston | (816) 328-8453 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 11805 E 83rd, APT.101, RAYTOWN, MO 64138 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| ST. LUKES PHYSICIAN GROUP | | (816) 932-2000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4321 Washington, Suite 6100, KANSAS CITY, MO 64111 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☒ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 05-29-2017 | 03-18-2019 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about May 30, 2017, I began working for St. Luke's Physician Group as a Medical Technician and I am still currently employed.

From on or about May 30, 2017 through the present, I have been harassed and called many derogatory names such as boy, pansy etc. by coworkers because of my race(African American) sex (male) and color (dark-skinned). I have reported these incidents to my supervisor, but no corrective action has ever been taken.

I believe I have been harassed because of my race (African American), color (dark-skinned) and sex (male) and have been the subject of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Digitally signed by Trevor Baston on 03-18-2019 10:23 AM EDT | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

EEOC Form 5 (11/09)

| AMENDED CHARGE OF DISCRIMINATION<br><br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act<br>Statement and other information before completing this form. | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| | [X] FEPA | |
| | [X] EEOC | **563-2019-01288** |

| **Missouri Human Rights Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Trevor Batson c/o Edelman, Liesen & Myers, L.L.P.** | Home Phone *(Incl. Area Code)*<br>**(816) 301-4056** | Date of Birth |
|---|---|---|

| Street Address<br>**208 W. Linwood Blvd.,** | City, State and ZIP Code<br>**Kansas City, Missouri 64111** |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**Saint Luke's Physicians Group / Saint Luke's Health System** | No. Employees, Members<br>**500+** | Phone No. *(Include Area Code)* |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[X] RACE  [X] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*
Sexual
Harassment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **August 2017**   Latest **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

Saint Luke's Physician's Group

I, Trevor Batson, bring this Charge of Discrimination against the Respondents—St. Luke's Health System, Inc. and St. Luke's Physicians Group, Inc. (collectively "St Luke's" or "Respondent").

Respondent is an employer within the meaning of the Missouri Human Rights Act ("MHRA"), RSMo. § 213.010 et seq. and within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*).

I began working for St. Luke's on or about May 29, 2017 as a medical assistant. I did not have any issue in my employment until Lynsey Magner became my manager around 3 months into my employment, in or around August of 2017. After that time, I have been subjected to severe and pervasive harassment because of my race (African American), color (dark-skinned) and sex (male). I have also been retaliated against for opposing this discrimination and filing the first version of this charge.

RECEIVED
AUG 16 2019
By

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

While she was my supervisor, Lynsey consistently treated me differently because of my race. She would tell me to put my cell phone away but would watch videos and look at Facebook picture on the phones of other Caucasian employees. She also told another African American employee, Tina, to put her cell phone away. I asked Lynsey why she came to my desk and asked me to put my phone away but watched videos with other Caucasian employees. Lynsey just shook her head and walked away without answering my question.

About a month after this, Lynsey gave me a bad review which prevented me from getting a raise. I believe this happened because of my race and because of my complaint of discrimination. I complained about this and my review was changed but this happened after raises were given out so I still did not receive a raise. From that point forward, every paycheck I have received (and those I continue to receive) has been lower because of the effect of the discriminatory/retaliatory review Lynsey gave me.

In or around June of 2018, Lynsey gave me a final written warning for accessing my medical records. I informed her that I did not recall doing that and she told me that compliance said it happened. I have seen two other employees, Christi and Jennifer (Caucasian employees), access their medical records and I do not believe that she gave me them a final written warning. I told her I had seen these other employees access their records before and she told me that it was a random audit. I believe that she gave me this final written warning because of my race and because of my complaints of discrimination.

Around August 2018, I reported in a survey that I there were racial inequalities at the office and that I believed we needed to have a diversity training. I also told Lynsey before I went out on shoulder surgery, around September of 2018, that I felt there was some racial inequality and I needed to discuss it with her when I got back from surgery.

When I returned from surgery in December of 2018, Lynsey was no longer in my department and had been moved somewhere else. In January 2019, another employee, Jill Strauser, repeatedly called me "boy." I explained to her that referring to a black man as "boy" is offensive, and asked her to please call me by my name. She responded "you don't know what you are talking about boy, be quiet boy." Jill saying this repeatedly after I had asked her not to made it clear that she was doing this on purpose to create a racially hostile environment. I reported this to Carol and I said I didn't appreciate it and also explained to her how it is offensive to a black man to be called "boy." Carol said I was looking at it wrong and Jill didn't mean that. I

RECEIVED
AUG 1 6 2019
By_____

told Carol she doesn't know how that makes me feel and I felt like it was racially harassing. Carol said that there was nothing she could do about it now and nothing ever happened.

Around February of 2018, there was bad weather, and several people were not coming in. Carol sent an email to the office stating that I was not coming in because I my door locks were frozen shut. Carol did not write the reason the Caucasian employees were not coming in. When I came in the next day, the Caucasian front desk employee, Cama Banawart, mocked me about this saying "I can't believe you could not get your doors unlocked, you are such a pansy." I told her she could not say that but she responded "you are a pansy." I reported to Carol that this was not appropriate. Carol said that Cama said she didn't say that and nothing else happened. I witnessed Cama employee call another African American employee a racially offensive term, "Aunt Jemima," two times and the employee reported this but nothing happened.

In March of 2018, Tara Collins, a Caucasian nurse practitioner, repeatedly degraded me, stating I could not do my job and did not know what I was talking about when I was training a new employee. The next day, Tara came up to me while I was training a new employee on the computer and stuck a container of urine in my face and said, "take this downstairs." Tara had no gloves on and there was no protective cover on the urine which was against policy. Personal protective equipment, or PPE, was required when dealing with labs. In addition, medical assistants do not deal with labs and do not have the proper training or certification to deal with urine labs. During my employment, I have never handled a lab. I informed her that only certified lab techs and phlebotomists were supposed to handle labs. Tara began yelling at me and said I did not know what I was talking about. I reported this to Carol but nothing ever happened.

I asked Carol why I had to keep following up with her about the complaints and why she was not getting back to me about that. About three days later, Tara came to me and said the picture of a patient was "creeping her out" and asked me to stand in the room with her while she was with that patient. When I saw the patient, I did not see anything "creepy" about him and I was surprised. He was an African American man about my height and my weight and my interaction with him was completely normal. Tara finished the patient more quickly than any patient I had ever seen her complete. After the patient left she said "thank you for standing in the room with me" and said "sometimes I am afraid of big black men especially ones that looks like the guy that killed my brother." I asked her if she realized I was a big black man. I asked her if I scared her

RECEIVED
AUG 1 6 2019
By

because I was about the same height, weight and skin tone as the patient and I asked her if that was the reason she had been degrading me and she just shushed me and walked away. After this, I went to Carol's office and told her what Tara said to me and that I was very offend by this. Carol asked "what do you want us to do about it?" I told Carol that I keep making complaints and nothing is happening, she is not getting back to me. I told her that I could bear the racially hostile environment any longer, and that this was the last straw and I felt like I had no choice but to file a complaint with the EEOC. Carol told me to keep this quiet, not tell anyone what was going on and to just talk to Tara about it. I tried talking to Carol and she told me that we have jobs to do and she does not have time. I informed Carol that it did not work to talk to Tara and moved forward with filing a charge of discrimination with the EEOC and MCHR on March 8, 2019.

After I filed the charge of discrimination, three employees showed me an email about my charge and asked me if it was real and what it was about. I went to Carol and said people were asking me about the EEOC charge. I reminded her that she had told me to be quiet about it and asked why were people asking me about my charge. She said, "they weren't supposed to show you that."

After I filed my EEOC charge, I noticed Carol was following me. Once I went into a room and went right out because I forgot something and saw Carol standing right in the door. I asked her if she was ok and she said, "I'm not following you around." I responded, "I didn't ask if you were following me, I asked if you were ok." Multiple times I saw her hiding behind doors and peaking around to see what I was doing in the room. I did not see her do this to anyone else. Nurses commented on her following me and asked what was going on and what was it about. On July 19, 2019 Carol was following me and at one point blocked the door and was trying to see around me. I told her "excuse me" and said I needed to get a patient. She went back to her office and I knocked on her door and it feels like you are following me around the office. She just shook her head and said "no" and I went to get my patient. After that she did not follow me around that day. On July 23rd Carol said she needed to observe me. I noticed Carol put notes in my file that I was not reviewing medications properly and this was dated July 19, 2019 which was the day she was following me. Also on the 19th, my phone was sitting on the desk and I was not touching it. Carol came up to me and told me to put it away. I told her two other Caucasian employees had their phone out but she said she did not see them. I feel like Carol was trying to find a reason to discipline or terminate me because of my race and because of my

RECEIVE
AUG 16 2019
By

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

complaints of discrimination and charge of discrimination filed with the MCHR/EEOC. On July 26, 2019, Carol stood at my desk waiting for me to come in to see if I had been late. She looked at her watch when I came in, despite the fact that I was not late. She continued to follow me around, asking what I was doing and when I told her I was cleaning a room she asked, "why are you doing it so fast?" I told her I always do to keep the clinic moving.

Around the end of July, we had an unconscious biased training and at the end of the training, Carol's manager stood up and said "what I want you all to do is just get over it and let the past be the past." I felt like this comment was directed at me and the other African American employee for making complaints of discrimination.

I believe I have been harassed and discriminated against because of my race, color, and sex, and in retaliation for reporting discrimination and filing and EEOC/MCHR charge of discrimination. As a result of Respondent's actions, I am seeking back-pay, front-pay, emotional distress damages, punitive damages, attorney fees and any other remedy the Commission deems appropriate.



Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8-16-19      _(signature)_ <br> Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# 1916-CV31081
## EXHIBIT C

## DISMISSAL AND NOTICE OF RIGHTS

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

| To: | Trevor R. Baston<br>11805 E. 83rd Street<br>APT.101<br>Raytown, MO 64138 | From: | Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| **563-2019-01288** | **Leah Sibert,**<br>**Investigator** | | **(913) 551-5655** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*for:* **Natascha Deguire,**
**Area Office Director**

AUG 1 6 2019

*(Date Mailed)*

Enclosures(s)

cc: **Joe Pusateri**
**Director of Human Resources**
**ST. LUKE'S PHYSICIAN GROUP**
**901 E. 104th Street**
**Kansas City, MO 64131**

EXHIBIT D

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

| MICHAEL L. PARSON | ANN S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

FE-3/19-30891
Administrative UserRecords

September 16, 2019

Trevor R. Baston
11805 E. 83rd, Apt. 101
Raytown, MO  64138

## NOTICE OF TERMINATION OF PROCEEDINGS

RE:   Baston vs. St. Luke's Physician Group
      FE-3/19-30891     563-2019-01288

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

(continued on next page)

☐   ☐   ☒   ☐

3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102-1047
FAX: 816-889-3582

106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri in state circuit court.

Respectfully,

Alisa Warren, Ph.D.
Executive Director


St. Luke's Physician Group
4321 Washington, Suite 6100
Kansas City, MO  64111


Joe Pusateri, Director of HR
St. Luke's Physician Group
901 E. 104th Street
Kansas City, MO 64131


Jeffrey Hanslick
Littler Mendelson, PC
1201 Walnut Street, Sutie 1450
Kansas City, MO  64106


Edelman, Liesen & Myers, LLP
Renee Morrison
208 W. Linwood Blvd.
Kansas City, MO  64111
*Via email*

3315 WEST TRUMAN BLVD., SUITE 212
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102-1047
FAX: 816-889-3582

106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

1 (11/16)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DISMISSAL AND NOTICE OF RIGHTS                **EXHIBIT E**

| | |
|---|---|
| Trevor Batson<br>208 W. Linwood Boulevard<br>Kansas City, MO 64111 | From:    **Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **563-2019-02880** | **Leah Sibert,**<br>**Investigator** | **(913) 551-5655** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*for!*                    **Natascha Deguire,**                    SEP 1 1 2019
                          **Area Office Director**

Enclosures(s)                                                            *(Date Mailed)*

cc:
| | |
|---|---|
| **Joe Pusateri**<br>**Director of Human Resources**<br>**SAINT LUKE'S PHYSICIAN GROUP**<br>**901 E. 10th Street**<br>**Kansas City, MO 64131** | **Sarah Liesen**<br>**EDELMAN, LIESEN & MYERS LLP**<br>**208 W Linwood Blvd**<br>**Kansas City, MO 64111** |

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Jackson - Kansas City - November 14, 2019 - 10:22 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY    ☐ AT INDEPENDENCE

**RE**:    TREVOR BASTON V SAINT LUKE¿S PHYSICIAN GROUP ET AL
**CASE NO:**    1916-CV31081

**TO:**    ALEXANDER EDELMAN
EDELMAN LIESEN & MYERS LLP
208 W LINWOOD BOULEVARD
KANSAS CITY, MO  64111

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>11-14-19</u>.
However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:   Please remit your Motion and Order for Process Server.  Any questions, please call Cheryl at 881-1221.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed NOVEMBER 21, 2019 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____
NOVEMBER 21, 2019
Date

By _____
Deputy Court Administrator
☒ 415 East 12th St., Kansas City, Missouri 64106
☐ 308 W. Kansas, Independence, Missouri 64050

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**AT KANSAS CITY, MISSOURI**

Trevor Baston )
      Plaintiff/Petitioner, )
VS. )     Case No.:1916-CV31081
                     )
                     )     Division No.:11
      Defendant/Respondent. )

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | | |
|---|---|---|---|---|---|
| Jan Adams | PPS19-0001 | Gary Chatham | PPS19-0039 | Charles R Gunning | PPS19-0063 |
| Michelle L Adams | PPS19-0002 | Glen Cobb | PPS19-0040 | Darnell Hamilton | PPS19-0076 |
| Roger Adams | PPS19-0003 | Kenneth V Condrey | PPS19-0041 | Kimberly Hamilton | PPS19-0077 |
| Bobby Ali | PPS19-0004 | Sharon R Condrey | PPS19-0042 | Alan Hancock | PPS19-0078 |
| Lakeita Allen | PPS19-0005 | Kathleen Cook | PPS19-0043 | Eric Hann | PPS19-0079 |
| Sandra M Allen | PPS19-0006 | William R Cooper | PPS19-0044 | Timothy S Hansen | PPS19-0080 |
| Victor Aponte | PPS19-0007 | Catherine Cornellier | PPS19-0045 | Christy Hartline | PPS19-0081 |
| Joshua Aragon | PPS19-0008 | Wilberto Correa | PPS19-0046 | Larry Haynes | PPS19-0082 |
| Brandon Aschenbrenner | PPS19-0009 | Alterick S Davenport | PPS19-0047 | Douglas E Hays | PPS19-0083 |
| Erica Austin | PPS19-0010 | Duane D Day | PPS19-0048 | Grace Hazell | PPS19-0084 |
| Kali A Baltazar | PPS19-0011 | Gerald Deadwyler | PPS19-0049 | Richard P Heimerich, Jr. | PPS19-0085 |
| Joseph L Baska | PPS19-0012 | Robert E Delacy, III | PPS19-0050 | Stephen Heitz | PPS19-0086 |
| Carrington L Bell | PPS19-0013 | Robert E Delacy, Jr. | PPS19-0051 | Charles Helms | PPS19-0087 |
| George Bell | PPS19-0014 | Dominic DellaPorte | PPS19-0052 | Austen Hendrickson | PPS19-0088 |
| Ryan Black | PPS19-0015 | Ricardo Delpratt | PPS19-0053 | Wendy L Henrich | PPS19-0089 |
| Shanna Blackwell | PPS19-0016 | John Dippenworth | PPS19-0064 | Jesse J Hernandez | PPS19-0090 |
| Dianna J Blea | PPS19-0017 | Alexander C Djaine | PPS19-0065 | Michael Hibler | PPS19-0091 |
| Richard J Blea | PPS19-0018 | Claudia A Dohn | PPS19-0066 | Anthonio Hightower | PPS19-0092 |
| Robert Blixt | PPS19-0019 | Dale Dorning | PPS19-0067 | Wendy K Hilgenberg | PPS19-0238 |
| Brent Bohnoff | PPS19-0020 | Jadeena Earle | PPS19-0068 | James M Hise | PPS19-0093 |
| David Braxton | PPS19-0021 | Abel A Emiru | PPS19-0069 | Gary F Hodges | PPS19-0094 |
| Charles Bridges | PPS19-0022 | David S Felter | PPS19-0070 | Brian K Hollen | PPS19-0095 |
| Donnie C Briley | PPS19-0023 | William F Ferrell | PPS19-0228 | Bob Holyk | PPS19-0096 |
| Kathy A Broom | PPS19-0024 | Robert D Finley | PPS19-0071 | Roman Holyk | PPS19-0097 |
| Dan Brouillete | PPS19-0025 | Travis Foster | PPS19-0072 | Ulonda G Howard | PPS19-0098 |
| Douglas S Brower | PPS19-0026 | Christopher Fowler | PPS19-0073 | Martin J Hueckel | PPS19-0099 |
| Kelley Brown | PPS19-0028 | James Frago | PPS19-0074 | William B Humble | PPS19-0100 |
| Kenneth H Brown, Jr. | PPS19-0027 | John Frago | PPS19-0075 | George Illidge | PPS19-0101 |
| Nicholas R Bull | PPS19-0029 | Andrew L Garza | PPS19-0231 | Frank James | PPS19-0102 |
| Jarrett M Bullock | PPS19-0030 | Louis Gerrick | PPS19-0054 | Matthew J Jankowski | PPS19-0103 |
| Ashley Bumgardner | PPS19-0031 | Matthew Gilmore | PPS19-0055 | Betty A Johnson | PPS19-0104 |
| James Burke | PPS19-0032 | Steven D Glenn | PPS19-0056 | Christina M Johnson | PPS19-0105 |
| Randy D Burrow | PPS19-0033 | Ronda Godard | PPS19-0057 | Edward Johnson | PPS19-0106 |
| Gary Burt | PPS19-0034 | Adam Golden | PPS19-0058 | Randy Johnson | PPS19-0107 |
| William J Caputo | PPS19-0035 | Bradley Gordon | PPS19-0059 | Michael A Jones | PPS19-0108 |
| Charles Casey | PPS19-0036 | Tom Gorgone | PPS19-0060 | Haile Kahssa | PPS19-0109 |
| George L Castillo | PPS19-0037 | Gabriella Gourdin | PPS19-0061 | Kenneth J Kearney | PPS19-0110 |
| Sonja R Chailland | PPS19-0038 | Christina M Gregory | PPS19-0062 | Michael Keatina | PPS19-0111 |

| Name | Number | Name | Number | Name | Number |
|---|---|---|---|---|---|
| Gerald Keeley | PPS19-0112 | Randy Rober | PPS19-0150 | Elmer W Wilson | PPS19-0208 |
| Wyman T Kroft | PPS19-0113 | David M Roberts | PPS19-0336 | Mitch A Wirth | PPS19-0209 |
| Jeff Kuenzi | PPS19-0114 | Patricia Roberts | PPS19-0337 | Deborah Woodhouse | PPS19-0210 |
| Jo Ann Lane | PPS19-0115 | Richard Robex | PPS19-0151 | Jerry Wooten | PPS19-0211 |
| John M Laukaitis | PPS19-0116 | Jery Robinson | PPS19-0152 | Edwin E Young | PPS19-0212 |
| Joshua Lee | PPS19-0117 | Antonio Roque | PPS19-0153 | Sarah Zirakian | PPS19-0213 |
| Rick V Leeds | PPS19-0118 | Ethel A Ross | PPS19-0154 | Felycia Aranda | PPS19-0533 |
| Kristie S Lewis | PPS19-0119 | Richard C Ross | PPS19-0155 | Mark Avery | PPS19-0534 |
| John D Lichtenegger | PPS19-0120 | Edna Russell | PPS19-0156 | Teresa Bailly | PPS19-0535 |
| Bert Lott | PPS19-0121 | Mark Russell, Jr. | PPS19-0157 | Mike Barry | PPS19-0536 |
| Robert Manning | PPS19-0123 | John T Sadler, Jr | PPS19-0167 | Robert Bassler | PPS19-0537 |
| Roger Martucci | PPS19-0124 | Ligno Sanchez | PPS19-0168 | Laura Beckham | PPS19-0538 |
| William Lu Maye | PPS19-0122 | Virginia L Saxon | PPS19-0169 | Ann Bollino | PPS19-0539 |
| Michael J McMahon | PPS19-0125 | Nathaniel Scott | PPS19-0170 | Joshua Brown | PPS19-0540 |
| Jerry Melber | PPS19-0126 | Joe Sherrod | PPS19-0171 | Maurice Burton, Sr. | PPS19-0541 |
| Arsalan Memon | PPS19-0127 | Cory Shields | PPS19-0172 | Anna Canole | PPS19-0542 |
| Jenna Mendoza | PPS19-0128 | Mark O Shiver | PPS19-0173 | Trenia Cherry | PPS19-0543 |
| Matthew A Millhollin | PPS19-0129 | Eric Shumate | PPS19-0174 | John R Choate | PPS19-0544 |
| Vivian G Mitchell | PPS19-0130 | Andrew Siteps | PPS19-0175 | Rick M McClain | PPS19-0545 |
| Carlos A Moreno | PPS19-0131 | Jeremy S Small | PPS19-0176 | John A Clor | PPS19-0546 |
| Kelly Murski | PPS19-0132 | Bryan Smith | PPS19-0177 | Kathleen V Clor | PPS19-0547 |
| Andrew Myers | PPS19-0263 | Monica Smith | PPS19-0178 | Emma Cole | PPS19-0548 |
| Frederick M Myers | PPS19-0264 | Timofey A Somoylenko | PPS19-0179 | Theodore Cordasco | PPS19-0549 |
| James G Myers | PPS19-0265 | Anthony Spada | PPS19-0180 | Karen Crohan | PPS19-0550 |
| Stephanie Myers | PPS19-0266 | Melissa Spencer | PPS19-0181 | Laura Crum | PPS19-0551 |
| Paul Nardizz | PPS19-0133 | Jamie P Stallo | PPS19-0182 | Bryce E Dearborn | PPS19-0552 |
| Wendy Neff | PPS19-0134 | Marc A Starks | PPS19-0183 | Kathleen DiNunno | PPS19-0553 |
| Jillian Newkirk | PPS19-0135 | Barbara J Stelc | PPS19-0184 | Dennis Duflinger | PPS19-0554 |
| Brian Newton | PPS19-0136 | Kelvin Stinyard | PPS19-0185 | Donald C Eska, Jr. | PPS19-0555 |
| Jeremy L Nicholas | PPS19-0268 | Randy Stone | PPS19-0186 | Leticia Estrada | PPS19-0556 |
| Michael Noble | PPS19-0137 | Haley Stratton | PPS19-0187 | Robert D Fairbanks | PPS19-0557 |
| Trinity Olson | PPS19-0138 | Berham B Tassaw | PPS19-0188 | Flojetta Fitzgerald | PPS19-0558 |
| John Pappas | PPS19-0139 | Jeffrey Teitel | PPS19-0189 | Stephen H Folcher | PPS19-0559 |
| Cynthia Paris | PPS19-0140 | Perry Thomas | PPS19-0190 | Christine Foran | PPS19-0560 |
| George R Perry, Jr. | PPS19-0142 | Robert H Thomas | PPS19-0191 | Ryan D Fortune | PPS19-0561 |
| Janet R Perry | PPS19-0141 | William W Thomas | PPS19-0192 | Richard Gerber | PPS19-0562 |
| Kacie Phelps | PPS19-0143 | Vanessa Thompson | PPS19-0193 | Paul Gizel | PPS19-0563 |
| Vincent Piazza | PPS19-0158 | Christina Tiffany | PPS19-0194 | Sinai Gonzalez | PPS19-0564 |
| Timothy Pinney | PPS19-0159 | Gabriel E Tranum | PPS19-0195 | David Hahn | PPS19-0565 |
| Jason S Plumley | PPS19-0160 | Jacob Tranum | PPS19-0196 | Anthony Hatcher | PPS19-0566 |
| Craig Podgurshi, Jr | PPS19-0161 | Paul G Turpen | PPS19-0197 | Frances Hatcher | PPS19-0567 |
| Rocellious D Pope | PPS19-0162 | Margarita Vasquez | PPS19-0198 | Erich T Hein | PPS19-0568 |
| Anastasia Quinquit | PPS19-0163 | Robert E Vick, II | PPS19-0199 | Leonard Horseman | PPS19-0569 |
| Charles J Reardon | PPS19-0164 | Kasey Vink | PPS19-0200 | Donna Jo King | PPS19-0570 |
| Derek L Reddick | PPS19-0165 | Brad Votaw | PPS19-0201 | Mike Johnson | PPS19-0571 |
| Angela Reed | PPS19-0166 | Ambiko Wallace | PPS19-0202 | Louis Jones | PPS19-0572 |
| Christopher Reed | PPS19-0145 | Daniel R Ward | PPS19-0203 | Samuel Jones, Jr. | PPS19-0573 |
| Edward Reed | PPS19-0146 | Vancem Warrem, Sr. | PPS19-0204 | Jeff Keyton | PPS19-0574 |
| Ernie Rice | PPS19-0147 | Kaylan Welborn | PPS19-0205 | Kenneth J. Klewicki | PPS19-0575 |
| Karen L Rice | PPS19-0148 | Gregory M Willing | PPS19-0206 | Thomas R. Kroll | PPS19-0576 |
| Debra Rios | PPS19-0149 | Deborah A Wilson | PPS19-0207 | Robert G. Maliuuk, Jr. | PPS19-0577 |

| | |
|---|---|
| Matthews J Manlich | PPS19-0578 |
| David Martin | PPS19-0579 |
| Michael Meade | PPS19-0580 |
| Eric Mendenhall | PPS19-0581 |
| James O Miller, Jr. | PPS19-0582 |
| Chris Miranda | PPS19-0583 |
| Carla Monegain | PPS19-0584 |
| Emmanuel F Morales | PPS19-0585 |
| Michael S Morison | PPS19-0586 |
| Ly Nguyen | PPS19-0587 |
| Keith Niziankiewicz | PPS19-0588 |
| Craig Palmer | PPS19-0589 |
| Douglas W Patterson | PPS19-0590 |
| Jaron Perkins | PPS19-0591 |
| Terrance Perry | PPS19-0592 |

| | |
|---|---|
| Gregory Piazza | PPS19-0593 |
| Brian T Pierce | PPS19-0594 |
| John Pontry | PPS19-0595 |
| Nancy Porter | PPS19-0596 |
| Andre S Powell | PPS19-0597 |
| Galen Quinn | PPS19-0598 |
| Cheryl R Richey | PPS19-0599 |
| Eric Rubin | PPS19-0600 |
| Melissa Ruiz | PPS19-0601 |
| Lee H Russell | PPS19-0602 |
| Barbara Scott | PPS19-0603 |
| Steven Stosur | PPS19-0604 |
| Michael Talone | PPS19-0605 |
| Lisa Thomas | PPS19-0606 |
| Scott L Thomas | PPS19-0607 |

| | |
|---|---|
| Walter Thomas | PPS19-0608 |
| Stephen M Troutz | PPS19-0609 |
| Michele VonEisengrein | PPS19-0610 |
| Joseph T Wachowski | PPS19-0611 |
| Michael Walton | PPS19-0612 |
| Roger White | PPS19-0613 |
| Ann Wixom | PPS19-0614 |
| Sandra Yade | PPS19-0615 |
| Niel Young | PPS19-0616 |
| Gina Zappia | PPS19-0617 |
| Kim Zappia | PPS19-0618 |
| Richard Zechiel | PPS19-0619 |
| Dennis Dahlberg | PPS19-0691 |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully Submitted,
/s/ Sarah C. Liesen
Plaintiff/Petitioner's Signature

**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____    _____
                                                          Judge or Circuit Clerk

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☒ AT KANSAS CITY ☐ AT INDEPENDENCE

**RE**:   **TREVOR BASTON V SAINT LUKES PHYSICIAN GROUP ET AL**
**CASE NO:**   **1916-CV31081**

**TO:**   **ALEXANDER EDELMAN**
**EDELMAN LIESEN & MYERS LLP**
**208 W LINWOOD BOULEVARD**
**KANSAS CITY, MO  64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on <u>12-2-19</u>. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:    Please remit a new Motion and Order for Process Server listing the defendant.  Any questions, please call Cheryl at 881-1221.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

<u>**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**</u>

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed DECEMBER 9, 2019 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

*Cheryl Smalley*

| | |
|---|---|
| _____ | By _____ |
| DECEMBER 9, 2019 | Deputy Court Administrator |
| Date | ☒ 415 East 12th St., Kansas City, Missouri 64106 |
| | ☐ 308 W. Kansas, Independence, Missouri 64050 |



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| TREVOR BASTON V SAINT LUKES PHYSICIAN GROUP ET AL | Case Number: 1916-CV31081 DIV11 |
|---|---|

## Notice of Case Management Conference

☒ **Case Management Conference**   ☐ **Plea Hearing**   ☐ **Pre-Trial**   ☐ **Other**

This is to notify you that a Case Management Conference will be held in the Circuit Court of Jackson County, Missouri, on **February 19, 2020**, at **1:30 p.m.** in **DIV11**.

### Certificate of Mailing and/or Delivery

This will certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following:

**ALEXANDER EDELMAN, Attorney for Plaintiff, EDELMAN LIESEN & MYERS LLP, 208 W LINWOOD BOULEVARD, KANSAS CITY, MO 64111; aedelman@elmlawkc.com**

__DECEMBER 17, 2019__
**Date**

_____
**Division 11 Law Clerk**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT **KANSAS CITY**, MISSOURI

| | |
|---|---|
| TREVOR BASTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No: 1916-CV31081 |
| vs. ) | Division  11 |
| ) | |
| SAINT LUKE¿S PHYSICIAN GROUP, INC. ) | |
| ) | |
| Defendant(s). ) | |

## JUDGMENT OF DISMISSAL PURSUANT

## TO 16TH CIRCUIT RULE  37.4

UPON FULL CONSIDERATION, and being fully advised in the premises, the Court, on its own motion, dismisses the above-captioned case ☐ with / ☐ without  prejudice for failure to prosecute pursuant  to 16th Circuit Rule 37.4.

WHEREFORE, IT IS ORDERED, that this case is dismissed in its entirety ☐ with / ☐ without prejudice, at Plaintiff's cost.

| | |
|---|---|
| _JANUARY 27, 2020_ | _____ |
| DATE | JUDGE GEORGE EDGAR WOLF |
| | Division 11 |

Certificate of Service
This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following on 27th day of January, 2020.

ALEXANDER EDELMAN, EDELMAN LIESEN & MYERS LLP, 208 W LINWOOD BOULEVARD, KANSAS CITY, MO 64111

_____
Judicial Administrative Assistant/Law Clerk